IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAREN DORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:04-0983 |
| ) | Judge Trauger |
| CUMMINS ENGINE COMPANY, INC. GROUP ) | |
| INSURANCE PLAN, *et al*., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM and ORDER**

The defendants have filed a Motion for Relief From Order Pursuant to Rule 60(b) (Docket No. 53), to which the plaintiff has responded (Docket No. 56). The Order to which the defendants object is this court's Order of November 8, 2005 remanding the case to the administrative level for reconsideration in light of the plaintiff's receiving a Social Security Administration disability award. (Docket No. 52)

The defendants assert that this court made an error of law in ordering the remand in reliance upon *Calvert v. Firstar Finance, Inc.*, 409 F.3d 286 (6th Cir. 2005). In support of its position, the defendants rely upon four unreported decisions of the Sixth Circuit Court of Appeals that all pre-date the *Calvert* decision. None of these cases holds that it is error for a district court to order a remand such as has been ordered here, and in none of those cases was a remand ordered. Moreover, all of those cases hold, consistent with *Calvert*, that the Social Security Administration's disability determination is not binding upon an ERISA plan administrator. However, what *Calvert* has made clear, following all of these cases, is that the Social Security determination is, indeed, a "factor the Court should consider, in the context of

1

the record as a whole, in determining whether [the administrator's] contrary decision was arbitrary and capricious." *Calvert* at 295. Because the Social Security Administration disability determination was rendered after the denial of the plaintiff's claim at the administrative level, it is not part of the administrative record, and this court may not consider it. Thus the remand, so that it may become a part of the administrative record and so that the court can review the administrator's decision that includes the Social Security determination. Here, the plaintiff alleges that the plan administrator required the plaintiff to seek Social Security benefits, arranged for her to be represented by a firm in the process and then, after denying her claim, terminated the plaintiff's relationship with the firm and refused to consider the Social Security determination. Those facts distinguish this case from any of the cases cited by the defendants in their motion. Moreover, in the absence of any binding Sixth Circuit authority forbidding the remand, this court finds it appropriate under the facts alleged.

For the reasons expressed herein, the Defendants' Motion for Relief (Docket No. 53) is **DENIED**.

It is so **ORDERED**.

ENTER this 21st day of December 2005.

_____
ALETA A. TRAUGER
U.S. District Judge