IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAREN DORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-0983 |
| ) | District Judge Trauger |
| CUMMINS ENGINE COMPANY, INC. ) | Magistrate Judge Knowles |
| GROUP INSURANCE PLAN; LONG TERM ) | |
| DISABILITY PLAN OF CUMMINS ENGINE ) | |
| COMPANY, INC., CUMMINS, INC.; ) | |
| CONNECTICUT GENERAL LIFE ) | |
| INSURANCE COMPANY; and LIFE ) | |
| INSURANCE COMPANY OF NORTH ) | |
| AMERICA; ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

In this ERISA case, plaintiff Karen Dorris asserted that the defendants wrongfully denied her long-term disability, health, and other employee benefits. (Docket No. 1). The parties filed cross-motions for judgment on the administrative record. (Docket Nos. 74 and 77). By Order and accompanying Memorandum entered on November 17, 2006, the court denied the defendants' motion for judgment on the administrative record and granted the plaintiff's cross-motion, awarding her all past-due long-term disability benefits, health benefits, and other employee benefits available to her, and reinstating all of her future, ongoing benefits. (Docket Nos. 81 and 82). The court further awarded the plaintiff costs and attorney's fees. (Id.)

Plaintiff now asks the court to alter or amend the judgment pursuant to Federal Rule of Civil

1

Procedure 59(e) in the following limited respects: (1) to clarify whether she is entitled to prejudgment and post-judgment interest; (2) to grant the parties an additional thirty (30) days to try to reach an agreement regarding the amount of past-due benefits owed and any applicable prejudgment or post-judgment interest; and (3) if the parties cannot agree on the amount of past-due benefits and prejudgment and post-judgment benefits owed to plaintiff within that time frame, then to require the parties to submit briefs setting forth their positions on the amount of past-due benefits owed, along with a list or description of any information that the plaintiff believes is necessary from the defendants in order to monetarily value the past-due benefits. (Docket No. 83 at 1). Plaintiff also asks that the amended order direct the parties to cooperate in providing information and materials that assist in the valuation of the past-due benefits. (Id. at 2).

A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59 "shall be filed no later than ten days after entry of judgment." Fed. R. Civ. P. 59(e). "Most courts have concluded that the ten day filing requirement is jurisdictional." Feathers v. Chevron USA, Inc., 141 F.3d 264, 268 (6th Cir. 1998)(citations omitted). Here, plaintiff timely filed her motion under Rule 59 within ten days after the entry of judgment in this matter.[1]

Generally, a judgment may be altered or amended for one of three reasons: (1) because of an intervening change of controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or to prevent a manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999). Because the plaintiff's motion seeks clarification on issues that are important to the just and equitable

---

[1]Because the relevant time period was less than eleven days, the court did not count the day on which the Order was entered, intervening weekends, or the Thanksgiving holiday in computing plaintiff's deadline for filing the instant motion. See Fed. R. Civ. P. 6.

2

resolution of this matter in accordance with the court's Order of November 17, 2006, the court will grant the plaintiff's motion and provide the requested clarification.

First, the plaintiff seeks an award of prejudgment interest as an element of her damages. The district court has discretion to award prejudgment interest in an ERISA case in accordance with general equitable principles. Ford v. Uniroyal Pension Plan, 154 F.3d 613, 626 (6th Cir. 1998). The purpose of an award of prejudgment interest in an ERISA case is to compensate the beneficiary for the lost time value of money wrongly withheld from him or her. Id. at 618. Federal law does not set a rate for prejudgment interest, but the Sixth Circuit has approved the use of the 52-week Treasury Bill rate prescribed in 28 U.S.C. § 1961 for post-judgment interest as a reasonable guide for the calculation of prejudgment interest as well. Id. at 619; Caffey v. Unum Life Ins. Co., 302 F.3d 576, 585 (6th Cir. 2002).

The Sixth Circuit has endorsed the use of a "stream-of-benefits" model to calculate prejudgment interest under circumstances similar to those herein. See Caffey, 302 F.3d at 586-87 (affirming district court's application of a "stream-of-benefits" model to calculate prejudgment interest in an ERISA case and rejecting the use of a simple-interest model advocated by the plaintiff because "it would overcompensate" the plaintiff for the delayed payment by awarding interest on individual benefit payments before they were due); Crider v. Highmark Life Ins. Co., 2006 WL 2644986, at *21 (W.D. Mich. Sept. 14, 2006)(citing Caffey and applying the "stream-of-benefits" model and a blended interest rate). Under the "stream-of-benefits" approach, interest is calculated on each monthly payment of long-term disability benefits beginning on the date that the payment was

3

due.  Id.  The court uses a blended rate of interest, averaging the 52-week United States Treasury Bill interest rate over the relevant time period.  Id.

For the same reasons the court granted the plaintiff's motion for judgment on the administrative record, the court finds it appropriate to award the plaintiff prejudgment interest. Defendants wrongfully withheld long-term disability benefits from the plaintiff for over four years. An award of prejudgment interest will compensate Ms. Dorris for the delay in receipt of her income and deter these and other insurance companies from wrongfully denying benefits in the future. Caffey, 302 F.3d at 586.

Second, the plaintiff seeks an award of post-judgment interest.  Under 28 U.S.C. § 1961, district courts are required to award post-judgment interest.  Id.  The statute provides that "[s]uch interest shall be calculated from the date of the entry of the judgment," and "shall be computed daily to the date of the payment."  28 U.S.C. § 1961.  The federal post-judgment interest statute allows interest on "all money judgments," including those in ERISA cases.  Hoover v. Provident Life & Accident Ins. Co., 290 F.3d 801, 810 (6th Cir. 2002).  Consequently, the plaintiff is entitled to post-judgment interest as requested.  The Sixth Circuit has held that post-judgment interest should be awarded on the entire amount of the judgment, including any prejudgment interest.  Id. at 586.

Next, the plaintiff asks the court to amend the November 17, 2006 Order to allow the parties an additional thirty (30) days to try to reach an agreement regarding the valuation of past-due benefits owed, as well as the amount of prejudgment and post-judgment interest.  The plaintiff's request is well taken.  The parties are in the best position to ascertain the amounts owed.

In summary, the plaintiff's motion to alter or amend the court's Order entered on November 17, 2006 will be granted.  The court finds that Ms. Dorris is entitled to prejudgment and post-

judgment interest under these facts. The parties will be granted an additional thirty (30) days to try to reach an agreement regarding the valuation of past-due benefits owed, as well as the amount of prejudgment and post-judgment interest. Should the parties be unable to resolve the valuation issues within the prescribed time period, the parties should submit briefs regarding the outstanding legal and factual issues, along with a list of any information that the plaintiff believes is necessary from the defendants in order to value the past-due benefits.

      An appropriate order will enter.

                                                ALETA A. TRAUGER
                                                United States District Judge